**United States Marshals Service POLICY DIRECTIVES**

**TRAINING**

### 14.15  USE OF FORCE

**A.** **Proponent:** Training Division.

**B.** **Purpose:** This directive provides United States Marshals Service (USMS) policy and procedures concerning the use of force. This policy is not intended to and does not create any right or benefit, substantive or procedural, enforceable at law or in equity, against the United States, its departments, agencies, or other entities, its officers or employees, or any other person. Deviations from this policy may be made only with the Director's approval.

**C.** **Authority:** The Director's authority to establish a use of force policy is contained in 28 U.S.C. § 561(g), 18 U.S.C. § 3053, and 28 U.S.C. § 566(d). On July 1, 2004, the Attorney General approved a revised Deadly Force Policy for the Department of Justice (DOJ), which applies to all DOJ components. On April 21, 2011, the Attorney General approved the DOJ Policy Statement on Use of Less-Than-Lethal Devices, which applies to all DOJ components.

**D.** **Policy:** The use of force by a Deputy United States Marshal (DUSM) must be objectively reasonable and may range from verbal commands to the use of deadly force.

1. **Reporting:**

    a. DUSMs will report all intentional and all unintentional incidents involving the use of firearms, less-than-lethal devices, or physical force greater than minor restraint (b) (7)(E) Task Force Officers (TFOs), or DUSMs acting on their behalf, will report deployment of less-than-lethal devices (b) (7)(E)

    b. Districts and task forces should become familiar with the policies and procedures of state/local agencies that participate on USMS-led task forces regarding the release of supporting documentation (e.g., photos, reports of injuries, etc.). When agencies' policies and procedures allow TFO submissions regarding a Use of Force Incident, the submission should include all available supporting documentation.

2. **Use of Less-Than-Lethal Force:**

    a. DUSMs are authorized to use only those less-than-lethal devices that are approved for use by the USMS and that they are trained to use.

    b. DUSMs may use less-than-lethal force only in situations where reasonable force, based upon the totality of the circumstances at the time of the incident, is necessary to:

        1) Protect themselves or others from physical harm;

        2) Restrain or subdue a resistant prisoner or suspect;

        3)     Make an arrest;

        4)     Prevent a prisoner from escaping; or

        5)     Otherwise obtain lawful compliance from a subject.

    c.     DUSMs are not authorized to use less-than-lethal devices if voice commands or physical control achieve the law enforcement objective. DUSMs using a less-than-lethal device must stop using the device once it is no longer needed to achieve the law enforcement purpose for which it is being used. Less-than-lethal weapons may not be used to punish, harass, taunt, or abuse a subject.

    d.     **Prohibited Techniques:** The following acts or techniques associated with the use of less-than-lethal force are prohibited absent exigent circumstances:

        1)     Choke holds, carotid-control holds, or other neck restraint;

        2)     Use of baton to apply choke or "come-along" holds to the neck area; and

        3)     Intentional strikes with a baton to the head, face, groin, solar plexus, neck, kidneys, or spinal column.

3.     **Deadly Force:** DUSMs may use deadly force only when necessary; that is, when the DUSM has a reasonable belief that the subject of such force poses imminent danger of death or serious physical injury to the DUSM or to another person.

    a.     Deadly force may not be used solely to prevent the escape of a fleeing suspect or an escaping USMS detainee. A DUSM may use deadly force against a fleeing suspect or escaping USMS detainee only when the DUSM has a reasonable belief that the suspect or detainee poses an imminent danger of death or serious physical injury to the DUSM or to another person.

    b.     Firearms may not be fired solely to disable moving vehicles.

    c.     If feasible, and if doing so would not increase the danger to the DUSM or others, a verbal warning to submit to the authority of the DUSM shall be given prior to the use of deadly force.

    d.     DUSMs will be trained in alternative methods and tactics for handling resisting subjects, which must be used when the use of deadly force is not authorized by this policy.

    e.     Warning shots are not permitted outside of the prison context.

4.     **Medical Attention:** In all use of force incidents, DUSMs must make necessary medical assistance available to subjects as soon as practicable. Any injury to USMS personnel or another party must be documented and reported (b) (7)(E) ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌
(b) (7)(E) ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌.

E.     **Responsibilities:**

1.     United States Marshals (USMs), Chief Deputy United States Marshals (CDUSMs), and Assistant Directors must ensure that all employees authorized to use force comply with the reporting and training requirements and demonstrate proficiency with approved devices and firearms.

    2.    Regional Fugitive Task Force Commanders, USMs, and CDUSMs will be responsible for notifying their TFOs about this policy and their responsibilities under the policy.

    3.    The Office of Professional Responsibility will be responsible for preparing annual reports detailing use of force incidents.

**F.**   **Procedures:** None.

**G.**   **Definitions:**

    1.    **Deadly Force:** Any force that is likely to cause death or serious physical injury.

    2.    **Less-Than-Lethal Force:** Force that is neither likely nor intended to cause death or serious physical injury.

    3.    **Serious Physical Injury:** Bodily injury that is likely to cause death or serious/permanent disfigurement or loss of function of a body part or organ.

    4.    **Deputy United States Marshal:** All operational employees assigned to the 082, 1801, 1802, and 1811 job series (including Inspectors, Supervisory Deputy United States Marshals, and CDUSM); employees who have a valid special deputation; and employees whom the USMS has authorized to carry a firearm as a requirement of their duty assignments.

    5.    **Less-Than-Lethal Devices** include, but are not limited to:

        a.    Conducted Energy Devices (e.g., electronic immobilization, control, and restraint devices);

        b.    Impact Devices (e.g., batons, bean bag projectiles); and

        c.    Chemical Agents (e.g., pepper spray).

**H.**   **References:**

    1.    Department of Justice Policy Statement on Less-than-Lethal Devices.

    2.    [(b) (7)(E) — redacted]

**I.**   **Cancellation Clause:** This policy directive remains in effect until superseded or cancelled.

**J.**   **Authorization and Date of Approval:**

**By Order of:**                          **Effective Date:**

/S/                                  04/12/2013
Stacia A. Hylton
Director
U.S. Marshals Service